## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| MONISHA PINKSTON, | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. _____ |
| vs. | § | |
| | § | |
| CAVALRY PORTFOLIO | § | |
| SERVICES, LLC, | § | |
| Defendant | § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COMES NOW** Monisha Pinkston, hereinafter referred to as Plaintiff complaining against Cavalry Portfolio Services, LLC hereinafter referred to as Defendant and for cause of action would respectfully show unto the Court as follows:

## NATURE OF THE ACTION AND JURISDICTION

1.     This is an action for damages brought by an individual Plaintiff for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), the Texas Debt Collection Practices Act, Chapter 392 (hereinafter "TDCPA") and the Texas Business and Commerce Code, Subchapter E, Chapter 17, (hereinafter "DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff seeks to recover

monetary damages for Defendant's violation of the FDCPA, the TDCPA and the DTPA and to have an Order or injunction issued by this Court preventing Defendant from continuing its behavior in violation of the FDCPA. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 and venue is proper before this Court as Plaintiff and/or Defendant reside in this District and/or the complained of actions occurred in this District. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

2.    Plaintiff, Monisha Pinkston, is a natural person and a "consumer" as defined by 15 U.S.C. §1692(a)(3), the Texas Deceptive Trade Practices Act §17.45(4) and Texas Finance Code §392.001(1).

3.    Defendant, Cavalry Portfolio Services, LLC, is a domestic corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. §1692(a)(5) and Texas Finance Code §392.001(2).

### FIRST COUNT
### FDCPA VIOLATIONS

4.    At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this Complaint, Defendant

contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's

conduct violated the FDCPA in multiple ways, including but not limited to:

   a) Repeatedly contacting Plaintiff at his/her place of employment after being

      informed that such calls are inconvenient to Plaintiff and violate the policy

      of Plaintiffs employer (§ 1692c(a)(1)(3));

   b) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to

      harass, annoy or abuse Plaintiff (§ 1692d(5));

   c) Falsely representing that an individual is an attorney or that a

      communication is from a law office  (§ 1692e(3));

   d) Failing to provide Plaintiff with the notices required by 15 USC § 1692g,

      either in the initial communication with Plaintiff, or in writing within 5 days

      thereof (§ 1692g(a)).

5.    As a result of the above violations of the FDCPA, Plaintiff suffered and

continues to suffer personal humiliation, embarrassment, mental anguish and

emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual

damages, statutory damages, and costs and attorney's fees.

6.    Defendant's aforementioned statutory violations also constitute an invasion

of Plaintiff's right to privacy, causing additional injury to Plaintiff's feelings,

mental anguish and distress.

7.     As a result of the above statutory violations and invasion of privacy, Plaintiff

suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation,

embarrassment, mental anguish and emotional distress, and Defendant is liable to

Plaintiff for Plaintiff's actual damages, exemplary damages, statutory damages,

and costs and attorney's fees.

## SECOND COUNT
## VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

8.     Plaintiff reincorporates by reference herein all prior paragraphs above.

9.     This suit is brought, in part, under the authority of Tex. Bus. & Com. Code §

17.41 *et seq*., commonly known as the Deceptive Trade Practices and Plaintiffs

Protection Act and cited in this petition as the "DTPA".

10.     Defendant was given notice in writing of the claims made in this Petition

more than sixty days before this suit was filed in the manner and form required by

DTPA §17.505 (a).

11.     Defendant made numerous material misrepresentations in an attempt to

collect the purported debt as detailed above.

12.     Defendant knew or should have known that its representations were false

and/or acted in reckless disregard for the truth or falsity of its representations.

13.     Defendant's actions were done maliciously and in willful, wanton and

reckless disregard for the rights of the Plaintiff.

14.     Defendant's actions as detailed above constitute a violation of the Texas

Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41.

15.     The conduct described above has been and is a producing and proximate cause of damages to Plaintiff.   Plaintiff's damages include: Actual/economic damages, emotional and/or mental anguish damages, exemplary/punitive damages, and Plaintiff's attorneys' fees and costs.

16.     Additionally, Plaintiff seeks an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendant's conduct is found to have been committed intentionally.

17.      Plaintiff seeks reasonable and necessary attorney's fees in this case through the time judgment is entered and for any post-trial or post-judgment appeals, to be detailed through a statement of services submitted at the appropriate time.

### THIRD COUNT

### COMMON LAW INVASION OF PRIVACY BY INTRUSION

18.     Plaintiff reincorporates by reference herein all prior paragraphs above.

19.     Defendant's aforementioned violations of the FDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person.

Plaintiff had a subjective expectation of privacy in the context of Defendant's actions that was objectively reasonable under the circumstances.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendant be cited to appear and answer herein and upon final hearing hereof, Plaintiff have judgment of and against Defendant as follows:

(a)     a declaratory judgment be entered that Defendant's conduct violated the FDCPA;

(b)     an award of actual damages;

(c)     an award of statutory damages pursuant to 15 U.S.C. § 1692k;

(d)     an award of costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

(e)     a declaratory judgment be entered that Defendant's conduct violated the Texas deceptive Trade Practices Act;

(f)     an award for all actual damages, exemplary damages, emotional/mental anguish damages, all attorneys fees, costs of court, and pre-judgment and post-judgment interest at the highest lawful rates.

(g)     seeks an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct is found to have been committed knowingly; or an amount not to

exceed three times the amount of economic and mental anguish damages

if Defendant's conduct is found to have been committed intentionally.

(h)     such other and further relief as may be just and proper.


Respectfully submitted,


By: /s/Susan Landgraf
Susan Landgraf
Texas State Bar # 00784702
Attorney in Charge for Plaintiffs

WEISBERG & MEYERS, L.L.C.
108 E 46th Street
Austin, TX 78751
Phone: (512) 436-0036 ext. 116
Facsimile: (866) 317-2674


**CERTIFICATE  OF SERVICE**


I certify that on October 7, 2009, I electronically filed the foregoing document with the clerk of the U.S. District Court, Eastern District of Texas, Sherman Division, using the electronic case filing system of the court.


/s/  Susan A. Landgraf___
SUSAN A. LANDGRAF